A. A. COOPER WAGON & BUGGY COMPANY, Appellee, v. S. M. BARNT, Appellant.

Assignment of Error. An omnibus assignment of error to the over-
1   ruling of a motion for verdict, based on distinct grounds, is in-
sufficient.

Evidence: WHEN TO BE STRICKEN. The answer of a witness which
2   is not responsive should be stricken out.

Ratification: EVIDENCE. In an action to recover property where de-
3   fendant claims that plaintiff ratified the sale to him by accept-
ing from his vendor and retaining full compensation therefor,
evidence that plaintiff demanded the price from such vendor is
immaterial, in the absence of a showing that payment was act-
ually made.

Evidence: CONCLUSION. Where a contract relating to the owner-
4   ship of property is offered in evidence, the testimony of one of
the parties thereto that he is the owner is a conclusion and
should be stricken.

Evidence. Where it appeared that plaintiff's secretary received and
5   receipted for all payments made to plaintiff, it was competent
for such secretary to state whether any other person than he
had anything to do with payments made to plaintiff.

Recovery of Personal Property: INSTRUCTIONS. Where, in an ac-
6   tion to recover personal property, defendant testified that he
knew the contents of plaintiff's contract with its agent, from
whom he purchased the property, respecting the possession and
ownership of the same, an instruction to the effect that plain-
tiff was entitled to recover unless defendant had shown by a
preponderance of the evidence that at the time defendant pur-
chased the property it belonged to the agent, was correct.

*Appeal from Sac District Court.*—HON. S. M. ELWOOD,
Judge.

TUESDAY, FEBRUARY 2, 1904.

ACTION to recover possession of certain personal prop-
erty.   Defendant claimed title and right to possession under
a contract of purchase from one Deremo.   Trial to a jury,
verdict and judgment for plaintiff, and defendant appeals.
—*Affirmed.*

*Chas. D. Goldsmith* for appellant.

*Tait & Jackson* and *W. A. Helsell* for appellee.

DEEMER, C. J.—Deremo obtained possession of the prop-
erty under a contract with plaintiff, appointing him an agent
in certain territory for the sale of goods, which contract,
among other things, provided that:

"Second.   The party of the second part hereby agrees
to receive all vehicles shipped to him, and to pay all freight
and other charges, to shelter and take good care of them, and
insure and guarantee said A. A. Cooper against any loss by
fire, free of charge to the party of the first part.

"Third.   The party of the second part also agrees to ren-
der a full itemized statement of vehicles and parts of vehicles
on hand on the first day of each and every month, together
with a statement of all sales made   during   the   preceding
month.   The party of the second part also expressly agrees
to deliver to the party of the first part at Dubuque, Iowa, the
proceeds (whether notes or cash) of all sales as soon as goods
are delivered to purchaser.

"Fourth.   It is expressly agreed that where parts of ve-
hicles only are sold by the party of the second part such sales
must be for cash only, and the proceeds therefrom due A. A.
Cooper must be paid to him in money at Dubuque,   Iowa,
when sales are made and goods delivered.

"Fifth.   In case the party of the second part shall re-
ceive vehicles and not sell them in three months from the
time of the shipment, said party of the second part may, at
the option of said first party, be held personally liable to A.

A. Cooper for all vehicles and parts of vehicles so remaining unsold at the expiration of said period and shall settle for the same in cash if demanded by said first party, but the title to such vehicles and parts of vehicles so remaining unsold shall remain in said A. A. Cooper until the same shall have been fully settled for."

The claim of defendant (and we quote from his answer) is "that plaintiff put said property in the possession of said Deremo with authority to sell the same; that said Deremo sold said property to this defendant, and received full compensation therefor; that the said Deremo paid the plaintiff for said property, and plaintiff has ratified all the doings of said Deremo, and has never repudiated his acts, nor tendered to this defendant the money he paid therefor, notwithstanding a reasonable time has long since elapsed." We quote this answer in order that the exact issues may be presented, as they are quite important to an understanding of the alleged errors relied upon for a reversal.

The first point presented in argument is that the court erred in denying a motion for a verdict filed by defendant at the close of plaintiff's evidence. This motion was based on three distinct grounds, and the assignment of error is omnibus in character. Such an assignment is insufficient to raise any question for our consideration.

1. ASSIGNMENT of error.

Defendant, while being cross-examined as a witness, was asked to answer "Yes" or "No" as to whether he dealt with Deremo as owner of the property. His answer was: "As owner of the property, I did, yes; and also as agent." On plaintiff's motion, the last words, "and also as agent," were stricken out as not being responsive. Complaint is made of the ruling. We think it was correct. The answer was not responsive. Moreover, the witness thereafter stated as to just how he dealt with Deremo, and no prejudice resulted from it in any event.

2. EVIDENCE: when to be stricken.

Defendant offered to show that, after the alleged sale of the goods by Deremo, a general agent of the plaintiff made

demand on Deremo for the price or value of the property sold by him to defendant. Plaintiff objected on the ground that it was irrelevant and imma·terial, and this objection was sustained. With the abstract question of the right to show an election by the plaintiff to hold Deremo or a ratification of the sale, we have nothing to do. The real point is, was the evidence admissible under the issues tendered? Defendant's claim was that plaintiff ratified the sale by accepting the full consideration for the property, and failing to return the same. The testimony offered would not prove this issue, nor would it be material, unless defendant also showed that payment was in fact made this general agent. No claim of this kind is made in argument, nor was it at the time the ruling was made. The argument now is that this, in itself, showed an election to hold Deremo, or at least a ratification of his acts in selling the property. The argument is, no doubt, sound, but it is not applicable to the case as now presented.

3. RATIFICATION: evidence.

Deremo, while a witness, stated that he was the owner of the property when it was sold to defendant. Plaintiff moved to strike it because a conclusion of the witness. In view of the introduction of the contract between plaintiff and the witness, and the nature of the controversy, we think the answer was clearly a conclusion, and therefore improper. There are cases where one may state the fact as to whether or not he is or was the owner of the property, but this is not one of them. To allow a witness in such a case as this to state that he was the owner at a certain time would be to permit him to decide the very matter at issue. It was for the court and jury to determine this question.

4. EVIDENCE: conclusion.

A witness for plaintiff was allowed to testify as to whether any person other than he had had anything to do with payments made to the plaintiff. This was objected to, but the objection was overruled. The ruling, under the issues and facts as presented, was clearly correct. Deremo claimed that he had paid for the goods. Langdon

5. EVIDENCE.

was plaintiff's assistant secretary and bookkeeper, and accepted, received, and receipted for all payments made to plaintiff. This much was established without objection. The further question was entirely competent.

Complaint is made of the court's refusal to give an instruction asked by defendant. It was to the effect that, under the fifth clause of the contract, plaintiffs had the right to elect to hold Deremo personally liable for the property; that, if the jury found an election was made by plaintiff, plaintiff would then have a lien on the property for the purchase price, and, if defendant thereafter purchased from Deremo without notice of the lien, he took title freed therefrom, and was entitled to the verdict. This instruction was not warranted either by the pleadings or the evidence. Defendant admitted that he saw and read plaintiff's contract with Deremo before he purchased the property from him, and he thus had full knowledge of plaintiff's rights thereunder. In one of its instructions the court said, in substance, that Deremo received the property as plaintiff's agent and "Such being the record the plaintiff in this case is entitled to recover, unless the defendant has shown you by a preponderance of the evidence that, at the time he secured possession of said property from Deremo, said Deremo was at that time owner of the said property." As applied to the issues and the evidence, this was correct. Deremo claimed, and offered testimony to show, that he purchased and paid for the property long before plaintiff made any election, and before he (Deremo) sold the property to the defendant. This was defendant's understanding; that is, that Deremo had settled and paid for the goods, and that they were in fact Deremo's property. Such being the record, the instruction was proper. In other instructions this theory was fully presented to the jury, and there was no error in any of them. The whole matter was tersely presented in the seventh instruction, which reads as follows: "In other words, gentlemen, to recapitulate, you are told that the undisputed evidence shows

<span style="font-variant:small-caps">6. Recovery of personal property: instructions.</span>

that the goods in controversy, excepting the one set of runner attachments, were received by the defendant from said Deremo; and you will treat said matter as a fact, and that said property is the property of the plaintiff, unless you find from the evidence, by a preponderance thereof, that Deremo paid Barron for said property, in Sac City, as testified to by Deremo, and, further, that the defendant has shown by a preponderance of the evidence that Barron at said time had authority, as agent for the plaintiff, to receive the same."

There is no error in the record of which defendant may justly complain, and the judgment is AFFIRMED.